# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Docket no. 2:18-cr-36-GZS |
| JOSHUA KAUFMAN, ) | |
| Defendant. ) | |

## ORDER ON MOTION TO SUPPRESS

Before the Court is Defendant Joshua Kaufman's Motion to Suppress (ECF No. 35). For reasons briefly explained herein, the Motion is DENIED.

Kaufman is currently charged in a three-count indictment for his role in an alleged conspiracy to distribute methamphetamine and cocaine. Initially, Kaufman was arrested on February 21, 2018, based on a criminal complaint that charged him with possession with intent to distribute methamphetamine. Kaufman now seeks suppression of all evidence seized as a result of two warrants: (1) a February 21, 2018 warrant to search a silver 2016 Nissan Sentra with New York Registration HH3592 (D. Me Docket # 2:18-mj-42-JHR) and (2) a March 9, 2018 warrant for phone records from Verizon Wireless for numbers (828) 260-5933 & (828) 260-4009 (D. Me. Docket # 2:18-mj-98-JHR). He argues that there was insufficient probable cause for these two warrants to issue or for officers to rely on the warrants in good faith.

Having reviewed and assessed the information provided in "the four corners of the affidavit supporting [each] warrant application," the Court concludes Defendant's arguments are simply without merit. United States v. Vigeant, 176 F.3d 565, 569 (1st Cir. 1999). Both warrant

applications relied on an earlier warrant for an express mail package.[1]  Having conducted the search of the package in accordance with that warrant, law enforcement had recovered suspected methamphetamine and cocaine from the target package.  As a result, Postal Inspector Dumond had verified that the confidential informant, who had alerted law enforcement to this to-be-delivered package, was providing timely and credible information regarding the distribution of methamphetamine.  (See Gov't Ex. 1 (ECF No. 64-1), PageID #s 124-26.)

The same confidential informant reported that Kaufman operated the target vehicle in furtherance of his drug trafficking.  Additionally, law enforcement had seen Kaufman drive the target vehicle after leaving the apartment where the package was to be delivered.  This surveillance of the delivery address for the target package, combined with "common sense" and "normal inferences," provided an adequate nexus between Kaufman's use of the vehicle and Kaufman's suspected drug trafficking.  United States v. Bain, 874 F.3d 1, 23 (1st Cir. 2017), cert. denied, 138 S. Ct. 1593 (2018)  ("When it comes to nexus, common sense says that a connection with the search site can be deduced from the type of crime, the nature of the items sought, plus normal inferences as to where a criminal would hide evidence of his crime.") (internal quotations and citations omitted).

All told, Inspector Dumond's knowledge and experience, along with the surveillance and the credible information from the confidential informant, provided probable cause to believe additional evidence of drug trafficking would be found upon a search of this vehicle.  (See Gov't Ex. 2 (ECF No. 64-2), PageID #s 130 & 132.)  Similarly, Inspector Dumond's training and experience, combined with the phone numbers provided by the same confidential informant as

---

[1] This February 21, 2018 package warrant issued in D. Me Docket # 18-mj-40-JHR is not the subject of any motion to suppress.

well as the surveillance of Kaufman disposing of a cell phone that was never recovered, provided probable cause that a search of the requested phone records would provide further evidence of drug trafficking. (See Gov't Ex. 3 (ECF No. 64-3), PageID #s 147-48.) In short, the Court concludes there was sufficient probable cause contained in the supporting affidavits for issuance of the March 9, 2018 warrant, as well as the vehicle warrant. See United States v. Feliz, 182 F.3d 82, 86 (1st Cir. 1999).

Alternatively, incorporating the Court's assessment of the probable cause for both challenged warrants, the Court readily concludes that the searches conducted pursuant to these two warrants fall within the good faith exception. See Bain, 874 F.3d at 21 (explaining Leon's good faith exception). Defendant's suggestion that both warrants were so facially deficient that no objectively reasonable officer could rely on them is meritless. Having evaluated the totality of the attendant circumstances, the Court finds the executing officers acted in objective good faith when they relied on the warrants to search Kaufman's vehicle and obtain the phone records.[2] See United States v. Levin, 874 F.3d 316, 321-23 (1st Cir. 2017).

As a result, there are no grounds to suppress evidence obtained via the two challenged warrants and the Court therefore DENIES Defendant's Motion to Suppress (ECF No. 35).

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 26th day of July, 2018.

---

[2] Having concluded that Defendant's Motion to Suppress is subject to denial on this alternative basis, the Court declines the Government's invitation to additionally find that the vehicle exception to the Fourth Amendment's warrant requirement would have allowed a search of the vehicle in question without a warrant. See Gov't Response (ECF No. 64), PageID #s 116-17.

3